(96 App. Div. 242.)

### PEOPLE v. FITZGERALD et al.

(Supreme Court, Appellate Division, First Department.  July 13, 1904.)

1. JUDGES—COURT OF SPECIAL SESSIONS—TERM OF OFFICE—STATUTES.

   The word "until" in New York City Charter, § 1401 (Laws 1901, p. 599,. c. 466), providing that judges of the Court of Special Sessions shall hold. office until December 31st in the years mentioned, was inclusive.

2. SAME—VACANCY—APPOINTMENT.

   Under New York City Charter, § 1406, p. 600, providing that any vacancy in the office of judge of the Court of Special Sessions shall be filled by appointment within 30 days after its occurrence, an appointment of one before the expiration of his predecessors term, and while he held the office,. was invalid.

3. MAYOR—TERM OF OFFICE—WHEN COMMENCES.

   New York City Charter, § 94, provides that the mayor shall hold office for two years, commencing at noon on the 1st of January after his election. Const. art. 12, § 3, provides that the term of office of city officers shall expire at the end of odd-numbered years. *Held,* that the term of the mayor of New York City expiring in 1903 expired at midnight, December 31, 1903, and not at noon, January 1, 1904.

   Patterson and Laughlin, JJ., dissenting in part.

Submission on agreed facts of controversy between Thomas Fitzgerald and Appleton L. Clark over the office of judge of Court of Special Sessions.  Determination in favor of former.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

John G. Milburn, for defendant Fitzgerald.
John S. Davenport, for defendant Clark.

O'BRIEN, J.  This case comes before the court in the form of a submission of a controversy under section 1279 of the Code of Civil Procedure.  The state, acting through the Attorney General, is. a party authorized to join in and agree to the submission, under the provisions of chapter 179, Laws 1904.  The actual controversy is between the defendants, and relates to their rival claims to the office of justice of the Court of Special Sessions of the Second Division of the City of New York.

The facts conceded by the submission, and which are material to the determination of the rights of the respective claimants, are as follows:  The defendant Fitzgerald in the month of January, 1898,. was appointed justice of the court mentioned, to hold office "until December 31st, 1903"; and he entered upon the discharge of the duties of that office, and continued in office until the expiration of his term.  The appointment was made pursuant to the provisions of section 1401 of the Greater New York Charter (Laws. 1901, p. 599, c. 466) then in force, which specifically provides that appointees to the Court of Special Sessions of the Second Division of the City of New York shall hold office until the 31st day of December of certain designated years, one of them being the year 1903, which was the year of the expiration of Mr. Fitzgerald's term.  On the 29th of De-

cember, 1903, Mr. Low, then mayor of the city of New York, appointed the defendant Clark a justice of the Court of Special Sessions for the Second Division of the City of New York "for the term of ten years which ends on the 31st day of December, 1913, to succeed Thomas W. Fitzgerald, whose term of office expires December 31st, 1903." On receiving this certificate, and on the 29th day of December, 1903, Mr. Clark took and signed the oath of office, and it was filed the same day with the clerk of the city of New York. On the 1st day of January, 1904, at 5 minutes past 10 o'clock in the morning, Mr. Low, claiming to act as mayor of the city of New York, made and delivered to Mr. Clark another certificate of appointment, in which it is stated that the appointment is of Mr. Clark as "a Justice of the Court of Special Sessions of the Second Division of the City of New York, for the term of ten years which ends on the 31st day of December, 1913." Mr. Clark again, on January 1, 1904, took and signed the oath of office, and filed the same with the clerk of the city of New York on the 4th of January, 1904. In the afternoon of January 1, 1904, Mr. McClellan, then mayor of the city of New York, executed in writing, and delivered to the defendant Fitzgerald, a certificate of appointment to the office of justice of the Court of Special Sessions of the Second Division of the City of New York, and in that certificate it is stated that Mr. Fitzgerald is appointed "Justice of the Court of Special Sessions in and for the Second Division of the City of New York to succeed himself and until the 31st day of December, 1913, to take effect immediately." Mr. Fitzgerald qualified on the day of his appointment, has since held, and is now in possession of the office. Mr. McClellan had qualified as mayor of the city of New York by taking the oath of office on the 24th day of December, 1903, and such oath signed by him was filed with the clerk of the City of New York on the 24th day of December, 1903.

It will be observed from this statement of facts that the crucial question to be determined here is, whether Mr. Low, while he held the office of mayor, had the power of appointment to fill the vacancy which occurred by the expiration of the term of Mr. Fitzgerald. The solution of this question depends in the first place upon the ascertainment of the time at which the term of Mr. Fitzgerald, who was the incumbent on the 29th of December, 1903, ended. If it ended during the mayoralty of Mr. Low, and the mayor was then authorized to appoint, then the appointment of Mr. Clark on the 29th of December, 1903, would have been effectual; and if for any reason that appointment of December 29th were ineffectual, and Mr. Low were still mayor of the city of New York until midday on the 1st of January, 1904, then his appointment on January 1st would have conferred a good title to the office on Mr. Clark.

According to the text of section 1401 of the Greater New York Charter, the judges of the Court of Special Sessions, as stated, are to "hold office until the 31st day of December" in the years mentioned in that section. The first question presented, therefore, is whether the word "until" is to be construed as a word of exclusion. Standing alone, and used in its ordinary acceptation, we think it is

exclusive; but read in connection with other sections of the charter, and the evident intent of the Legislature to provide against vacancies occurring by lapses, we think it is to be construed as inclusive, so as to have the justice appointed hold until the end of the day named, which would be midnight on the 31st of December. Apart, however, from this question, we think that, even though we construed the word "until" as "exclusive," it would not help the defendant Clark. It was sought to appoint him on the 29th of December, 1903, and again between midnight of the 31st of December and noon of January 1, 1904. With respect to the 29th of December appointment, section 1406 (page 600) of the charter provides that "any vacancy in said office shall be filled by the mayor of said city by appointment within thirty days after its occurrence." The statute thus provides the time when the appointment shall be made, and hence we do not think those authorities are controlling wherein appointments were made before the expiration of a term of office for an additional term, and where no statute specially stated the time when the appointment should be made. Thus with respect to the assignments of justices of the Supreme Court to act as justices of the Appellate Division by the Governor, neither at common law nor by any statute is there a requirement that the term of one justice of the Appellate Division should expire before another can be appointed; and therefore an appointment properly made before the term expires would be valid, because there is no statute which restricts the right of appointment to the happening first of the expiration of the term. In other words, where an official having the right of appointment is not by statute required to make it at any definite time, then, if he should make it prior to the expiration of the term, the appointment would be good, assuming that the one making the appointment would be in office and would have the right to make it when the term actually expired. Where, however, as here, the statute expressly prescribes the time when the appointment shall be made, an appointment prior to that time would be invalid. We think, therefore, that the appointment by Mayor Low on December 29th was ineffectual.

As to the second appointment, made on January 1st by Mr. Low before midday, it is true that section 94 (page 42) of the charter provides that the mayor "shall be elected * * * and he shall hold his office for the term of two years commencing at noon on the first of January after his election." The two years would undoubtedly carry the term of the mayor to noon of January 1st, because the language is clear and unambiguous. The state Constitution, however, expressly provides that all elections of city officers "shall be held on the Tuesday succeeding the first Monday in November in odd-numbered years and the term of such officers shall expire at the end of an odd-numbered year." Const. art. 12, § 3. Each year ends on December 31st, at midnight, and we do not think the contention is sound which would fix on January 1st at noon as the ending of the year. Such a construction would be an arbitrary fixing of a time, in conflict with the universal and generally accepted view of the time when the year ends. If we could by construction extend the year to January 1st at noon, why not with as much rea-

son fix on the 2d or the 3d of January at noon?   We must, therefore, in the absence of language justifying a different construction, conclude that, in speaking of the end of the year, the Constitution intended to fix it at that point of time which is generally and universally accepted as the date and point of time that ushers out the old year.  The attempt, therefore, of the Legislature to extend the term beyond midnight of the old year (which would be the undoubted construction to be given to the language employed in section 94 of the charter), cannot be successful, because violative of the constitutional provision.  We think, therefore, that the appointment on the morning of January 1st was also ineffectual.

Our conclusion is that Mr. Fitzgerald's term did not expire until midnight of December 31st; that the mayor had no power to appoint a successor until the expiration of such term; that the term of Mayor Low expired with that of Mr. Fitzgerald at midnight of December 31st, and it was not therefore within his power to make an appointment to the office in question; and that the mayor who was legally in office after the expiration of Fitzgerald's term was Mr. McClellan, who took office on January 1, 1904.

We have not overlooked the contention that this would leave an interregnum between midnight and noon of January 1st, when there was apparently no mayor of the city.  If this contention could be supported, it would by no means be conclusive of the question.  There are other portions of the statute which provide as to the officers who under such circumstances shall fulfill the duties of the office of mayor.  However, we are not concerned as to whether there was or was not an officer who during such an interregnum could discharge the duties of mayor, or whether the Legislature did or did not leave a lapse in the terms of the mayors; our conclusion as to the law being that Mr. Low's term expired with Mr. Fitzgerald's term at midnight on December 31, 1903, and that the appointment could only be legally made by the mayor who after that time was in office.  Mr. McClellan being concededly the mayor January 1, 1904, when he appointed Mr. Fitzgerald to the vacant office of justice of the Court of Special Sessions of the Second Division, and Mr. Fitzgerald having properly qualified, it follows that Mr. Fitzgerald, and not Mr. Clark, was duly appointed to and is entitled to the office, and that there should be judgment accordingly in his favor.

McLAUGHLIN and HATCH, JJ., concur.

PATTERSON, J.  I concur in the conclusion reached by Mr. Justice O'BRIEN in this matter, but only on the ground that Mr. Fitzgerald's term of office did not expire until midnight of December 31, 1903, that Mayor Low's term of office expired at the same time, and that hence there was no vacancy in the office of justice of the Court of Special Sessions for the Second Division of the City of New York that could be filled by Mayor Low.

I do not concur in the view of Mr. Justice O'BRIEN that the power of appointment is restricted by the statute to one made after the expiration of the term of office of the justice.  On the contrary, I think

that, if Mr. Fitzgerald's term had expired during the mayoralty of Mr. Low, an appointment made in anticipation of the expiration of the term would have been valid, but as the terms of office of Mr. Fitzgerald and of Mayor Low both expired at midnight of December 31, 1903, Mayor Low was powerless to appoint Mr. Fitzgerald's successor.

LAUGHLIN, J. (dissenting). I agree with Mr. Justice O'BRIEN that the term of office of Justice Fitzgerald did not expire until midnight of the 31st of December, 1903, but I am of opinion that the vacancy could be filled by an appointment in advance, provided the official making the appointment remained in office at the time the vacancy arose.

I am also of opinion that the provision of the charter that the term of office of the mayor shall expire at noon on the 1st day of January is not in conflict with the provision of section 3, art. 12, of the Constitution. The primary purpose of this provision of the Constitution was to provide for the election of local officers in odd-numbered years, in order to separate those elections from elections more directly involving the principles of the respective political parties. The provision that the term of city officers "shall expire at the end of an odd-numbered year" does not require a literal construction. This was inserted to the end that the election of the successor might occur in the odd-numbered year, and to fix a time when the term of office should expire, in order to carry out that provision. If for convenience or to perpetuate a custom, the Legislature saw fit to provide that the term should expire a few hours after midnight of the last day of the odd-numbered year, that would not be in conflict with the spirit and intent of this constitutional provision. For all practical purposes, the term of office would still expire at the end of the year. The custom has prevailed from time immemorial in the office of the chief executive of the nation, of the state, and of the mayors of cities, for the outgoing official to be in his office at a particular time to greet the incoming official and formally to turn over the affairs of office to him. This custom, it may be assumed, was known to the members of the constitutional convention who approved this constitutional provision for submission to the people. The provision of the charter for the expiration of the term of office of mayor at noon on the 1st day of January was enacted subsequent to the adoption of the constitutional provision that the term of office of such an officer should expire at the end of an odd-numbered year. It is safe to say that more than half the members of the Legislature who participated in the enactment of this provision of the charter participated also in the deliberations of the constitutional convention.

I am of opinion, therefore, that the provision of the charter is constitutional and valid, and that the appointment of Clark by Mayor Low was lawful, and that he is entitled to the office.