Edward O. Provenzano, J.
This is a motion by plaintiff for leave to enter a deficiency judgment pursuant to section 1371 of the Real Property Actions and Proceedings Law, together with a cross motion to deny the same. The matter is complicated by, and, unfortunately, must be decided upon two otherwise picayune points of law.
The subject premises were duly sold on September 17, 1975 pursuant to a judgment of foreclosure and sale. In December, 1975 and again in January, 1976 the parties hereto, by their respective attorneys, stipulated to extension of time for plaintiff to move for leave to enter a deficiency judgment.[1]
The second stipulation is the only one relevant here. It provided, in part: "It is hereby stipulated and agreed by and between the attorneys for the defendants in the above-entitled action that Plaintiff shall have until February 18, 1976 to make any motion for leave to enter a deficiency judgment in the above-entitled action as provided by § 1371 of the New York Real Property Actions and Proceedings Law and that the parties shall have no objection to the fact that such motion is brought beyond the 90 day period provided for in such section so long as such motion is made before February 18, 1976.”
Plaintiff thereupon served its appropriate papers on February 18, 1976 by leaving copies of them at the offices of defendants’ attorneys.
Two dispositive questions are hereby raised. First, for the purposes of a motion for leave to enter a deficiency judgment pursuant to section 1371 of the Real Property Actions and *375 Proceedings Law, is service of the motion papers upon defendants’ attorneys’ offices good and sufficient service? Second, was service of said papers on February 18, 1976 timely? The answers to both questions is "no”.
Section 1371, of the Real Property Actions and Proceedings Law in relevant part provides:
"2. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct * * *
"3. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.”
Plaintiffs attorney concedes[2] that the motion papers were served, not on the defense attorneys themselves, but upon their offices. This was done in apparent reliance upon both the above language of the Real Property Actions and Proceedings Law ("upon notice to the party * * * or the attorney who shall have appeared”) and CPLR 2103 (subd [b]) which provides in relevant part:
"Service of papers * * *
"(b) Upon an attorney. Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon his attorney * * * Such service upon an attorney shall be made:
"1 by delivering the papers to him personally; or
"2 by mailing the papers to him at the address designated by him for that purpose * * * or
"3 if his office is open, by leaving the papers with a person in charge, or if no person is in charge, by leaving it in a conspicuous place; or if his office is not open, by depositing the *376 paper,, enclosed in a sealed wrapper directed to him, in his office letter drop or box”.
The provisions of CPLR 2103 (subd [b]) thus apply "except where otherwise prescribed by law.” Subdivision 2 of section 1371 of the Real Property Actions and Proceedings Law does "otherwise prescribe,” by requiring personal service on either the party or his attorney.[3]
This court will not concern itself with the question of whether the matter here involved is jurisdictional or procedural. (See Tomkins County Trust Co. v Herrick, 171 Misc 929.) It is sufficient to note that subdivision 2 of section 1371 of the Real Property Actions and Proceedings Law demands service similar to that for a summons, and certainly different and more precise service than that allowed for more typical motions.
Further, it is a specious argument that CPLR 2103 (subd [b]) makes service upon the attorney’s office the equivalent of personal service upon the attorney. The simplified procedure of this rule applies only to "papers to be served upon a party”. As already noted, subdivision 2 of section 1371 of the Real Property Actions and Proceedings Law requires personal service on whomever is served, and therefore cuts off this avenue.
While subdivision 2 of section 1371 of the Real Property Actions and Proceedings Law empowers this court to allow alternative service, perhaps even nunc pro tunc,[4] no sufficient reason to entertain such a request at this juncture has been shown. The policy of this State to strictly control deficiency judgments is made manifest by subdivision 3 of section 1371 of the Real Property Actions and Proceedings Law. This court’s reluctance to exercise its discretion to plaintiff’s benefit on this point is further reinforced by the following.
The stipulation uses two phrases to define the last day allowed for plaintiff’s motion: (1) "until February 18, 1976,” and (2) "before February 18, 1976.” After carefully examining this ambiguous phraseology it is this court’s considered opinion that the service on February 18, 1976 was not timely.
Standing alone the word "until” is ambiguous — capable of including or excluding the date referred to. (Clark v Berlureau, 223 App Div 199.) Courts faced with the necessity of construing the word "until” have consistently held that the *377 word standing by itself has an exclusionary meaning unless other language or surrounding circumstances dictate a contrary meaning. (See, e.g., Clark v Mayor, 111 NY 621, and People v Fitzgerald, 96 App Div 242.)
Not only does the context here not demand overcoming the presumption,[5] but also the use of the precise and certain word "before” in the second clause is an overwhelming indication that February 18, 1976 was to be excluded.
Finally, settled rules of construction require that use of an ambiguous term, such as "until” be resolved against the party who introduced the ambiguity. (Rentways v O’Neill Milk & Cream Co., 308 NY 342.) Plaintiff is responsible for drafting the stipulation, and therefore, should not be heard to complain of defects in the text.
Based upon careful examination and consideration of the submitted papers and arguments of counsel, and by reason of the foregoing, defendants’ motion is granted without costs and plaintiffs motion for leave to enter a deficiency judgment against defendants is denied without costs.

. This decision will not address itself to the interesting question of the enforceability of these stipulations.

. John B. Hood, Esq., affidavit, March 1, 1976.

. See also CPLR 101.

. See, e.g., Catholic Women’s Benevolent Legion v Burke (253 App Div 261).

. No convincing argument has been presented that there was anything sacrosanct about the date selected.