WESTCHESTER TRUST COMPANY, Respondent, v. JACOB FOX and Another, Appellants.— Order striking out defendants' answer and granting summary judgment to the plaintiff in an action upon a promissory note and judgment entered thereon reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. It may be that under the defense interposed there is an issue of fact as to the true nature and character of the transactions had on June 30, 1931, and subsequently thereto between the parties. If there be no issue of fact, then that which is asserted by the defendants may be held to bring the situation within the protection of sections 1077-b and 1083-b of the Civil Practice Act. While the second mortgage did not come into existence at the time the indebtedness arose between the defendants and the plaintiff, it, the second mortgage, as between this plaintiff and these defendants, in effect originated simultaneously with that indebtedness. On June thirtieth the defendants could have paid the $10,000 on the $21,000 second mortgage and thus reduced it to $11,000, and then applied the $11,000 they borrowed from the plaintiff in satisfaction of the second mortgage in its entirety and at the same time executed a new second mortgage to the plaintiff in the sum of $11,000 as security for the loan thus had from the plaintiff. This same result was obtained by paying the $10,000 to the former holder of the second mortgage and then having that holder assign the second mortgage in its reduced amount of $11,000 to the plaintiff as security for the loan then had by the defendants from the plaintiff. Therefore, the true nature of the transaction resulted in the second mortgage, as between these defendants and the plaintiff, originating on June 30, 1931, when the indebtedness arising from the loan by the plaintiff to the defendants originated. Accordingly, within the meaning of section 1077-b, the indebtedness originated simultaneously with the second mortgage. In such a situation the borrower is entitled to the benefit of the moratorium provisions of the statutes. Whether or not

defendants have complied with the prerequisites entitling them to invoke such benefits in the matter of payment of taxes and interest should await the trial in the absence of a showing in this record by either side in respect of the taxes. The claim that the bank relied on the general credit of the defendants and did not rely solely upon the security of the second mortgage has been rejected in principle in *Klinke* v. *Samuels* (264 N. Y. 144), where a separate obligation directed to obtaining the benefit of the credit of the maker of that obligation on an absolute guaranty of payment, apart and distinct from the security of the bond and mortgage itself, was held not to preclude a holding that the indebtedness was secured solely by the mortgage within the meaning of the statute. That case is more extreme on that element than is the situation in the case at bar in respect of enabling borrowers to have the benefit of the moratorium acts. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.