LILLIAN JAEKEL and GEORGE JAEKEL, Appellants, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Order denying plaintiffs' motion for a preference affirmed, without costs. No opinion. Lazansky, P. J., Young, Carswell and Johnston, JJ., concur; Scudder, J., not voting.

MARTIN J. KELLY, Appellant, v. EAGLE MOTOR HAULAGE Co., INC., Respondent.—Action to recover for personal injuries sustained by the closing of a door on the rear of defendant's truck, which was backed up against a platform on which plaintiff was standing while assisting in loading the truck. Complaint was dismissed on the ground that there was no proof of negligence. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. A jury might have found that the closing of the door which struck plaintiff was due to the position in which defendant's servant left the truck, the right rear wheel being in a runway three inches lower than the left rear wheel, which was on the sidewalk; and that while the truck was being loaded with a barrel of licorice, weighing from 225 to 250 pounds, the left door swung closed and struck plaintiff. On these facts the jury might have found that the closing of the door was due to defendant's negligence in leaving the truck in the position in which it was left. It was not necessary to invoke the doctrine of *res ipsa loquitur*. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.

ALEX J. KNESKI, Respondent, v. LAWRENCE W. BEHAN, Appellant.— In an action to recover for personal injuries and property damage alleged to have been sustained by reason of a collision between trucks, one of which was owned and operated by plaintiff, order of the County Court of Suffolk county granting plaintiff's motion to open his default and vacating the judgment entered upon the dismissal of the complaint modified so as to provide that defendant be awarded twenty-five dollars costs. As so modified, the order is affirmed, without costs. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.

HENRY KURTZ and Another, Appellants, v. GASPARE FERRANTE and Another, Respondents, and Others, Defendants.— Order granting defendants' motion to vacate deficiency judgment and providing for the entry of a new judgment, if in fact there be a deficiency, when the actual value of the mortgaged premises is determined, affirmed, with ten dollars costs and disbursements. (1) Assuming that the situation does not come within the statute, the right to afford the relief accorded to the defendants is within the inherent power of the court under the facts and circumstances disclosed herein. (*Monaghan* v. *May*, 242 App. Div. 64.) (2) This view obtains independently of the possible propriety of holding that the statute is applicable, under the doctrine of *Westchester Trust Co.* v. *Fox* (243 App. Div. 582). Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.