ABRAHAM H. STROCHAK, Appellant, *v.* GLASS PAPER MAKING SUPPLIES CO., INC., Also Known as GLASS PAPER MAKING SUPPLY, INC., Also Known as GLASS PAPER MAKING SUPPLY CO., INC., Party Intended Having Offices at No. 109 Greene Street, New York City, and Another, Respondents, Impleaded with NATIONAL CITY BANK OF TROY and Others, Defendants. (Consolidated Appeals.)

First Department, November 3, 1933.

*Benjamin Handel*, for the appellant.

*Morris H. Marder*, for the respondents.

UNTERMYER, J.   The action is to foreclose a mortgage on real property owned by the defendant Glass Paper Making Supplies Co., Inc., the principal of which, as extended, became payable

on December 24, 1932, and for judgment against the defendant Solomon Glass upon his guaranty of the bond. The complaint not only alleges that the principal of the mortgage is due but that taxes for the year 1932 are unpaid. The defendants by their answers do not deny any of the allegations of the complaint, but allege as separate defenses and as counterclaims that interest on the mortgage was paid to December 24, 1932, the date of maturity, and that a sale of the premises in these times of depression will be unconscionable because certain to result in a forfeiture of the equity of redemption of the corporate defendant and in a deficiency judgment on the bond against both defendants. The plaintiff moved to strike out the defense and counterclaim contained in each answer and for judgment on the pleadings, contending that both are insufficient in law. Those motions were denied.

The motions were made and decided before the enactment of the Mortgage Moratorium Laws (Laws of 1933, chap. 793). Since no application appears to have been made by the defendants in accordance with those laws (Civ. Prac. Act, § 1077-e) to dismiss the action upon payment of accrued interest and taxes, we are now concerned only with the question whether a court of equity in the absence of statute is justified in refusing to enter judgment of foreclosure and sale where concededly the principal sum secured by the mortgage is due and taxes on the property are unpaid. We are of opinion it was the duty of the court, in the absence of any conduct on the part of the mortgagee which the court would be justified in regarding as inequitable (*Noyes* v. *Clark*, 7 Paige, 179; *McGown* v. *Sandford*, 9 id. 290), to enforce the mortgage as it had been written by the parties. The action of the mortgagee in demanding payment of the principal when it became due can, upon no possible theory, be held to be inequitable or oppressive, for such was the defendant's covenant, voluntarily made, upon which it, or those whom it succeeds, received the proceeds of the loan. There was no reason, therefore, for denying to the plaintiff the relief to which the mortgage entitled him on account of conditions not attributable to him. (*Cameron-Hawn Realty Co.* v. *City of Albany*, 207 N. Y. 377; *Bolich* v. *Prudential Ins. Co. of America*, 202 N. C. 789; *Lipscomb* v. *New York Life Ins. Co.*, 138 Mo. 17; *Muller* v. *Bayly*, 21 Grat. [62 Va.] 521.) If hardship ensues, it is for the Legislature and not the courts to take cognizance of that fact. Indeed, the Legislature here, by the later enactment of remedial legislation (Laws of 1933, chap. 793), recognized the inability of courts under then existing law to afford relief.

The orders should be reversed, with twenty dollars costs and disbursements, and the motions granted, with ten dollars costs;

the orders to be entered to conform, however, with sections 1083-a and 1083-b of the Civil Practice Act (added by Laws of 1933, chap. 794) applicable to pending actions.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Orders reversed, with twenty dollars costs and disbursements, and motions granted, with ten dollars costs; the orders to be entered to conform, however, with sections 1083-a and 1083-b of the Civil Practice Act applicable to pending actions. Settle orders on notice.