DRY DOCK SAVINGS INSTITUTION, Plaintiff, *v.* HARRIMAN REALTY CORPORATION and Others, Defendants.

Supreme Court, New York County, March 27, 1934.

*Joseph R. Truesdale* [*William Hart* of counsel], for the plaintiff.

*Edwin L. Garvin* [*John W. DeWitt* of counsel], for the Irving Trust Company, as trustee in bankruptcy of Harriman Realty Corporation.

*O'Brien, Boardman, Conboy, Memhard & Early* [*Bernard Sobol* of counsel], for the defendant Harriman National Bank and Trust Company.

MCGEEHAN, J.   A mortgage on a piece of realty amounted on the day of sale, with interest and expenses, to $2,906,681.39.   The premises were bid in by the plaintiff for $100,000.   The plaintiff now has the land and building.   The referee has reported a deficiency of $2,806,681.39.   This motion is to vacate an order to fix the fair and reasonable amount of the deficiency judgment.

A sale on foreclosure may, in a more or less accurate way, fix at least some criterion for the value of a parcel of realty because in an ordinary market there will always be bidders who will seek a bargain and the mortgagee will protect up to his mortgage or near it.   So, in an ordinary market, the bid on foreclosure cannot be nominal. Beyond question the bid of $100,000 in this case furnishes no more

accurate appraisal of the value of this property than would a bid of six cents.

Chancery does not now, any more than it ever did, need the fiat of the Legislature to allow it to prevent the rigid rules of law from working an injustice. It needed no such permission to prevent the double penalty of the ancient bond, or to excuse an inadvertent default under a mortgage. As CARDOZO, Ch. J., has said: " The plastic remedies of the chancery are moulded to the needs of justice." (Foreman v. Foreman, 251 N. Y. 237, 242.)

The doctrine of " clean hands " applies to a foreclosure suit as it does to all equity actions or proceedings. Equity, it is true, follows the law but it does not follow it if the law works a patently shocking result.

The Legislature has passed a law (Laws of 1933, chap. 794) outlining the practice for certain mortgage deficiencies. For some unknown reason it has excepted this mortgage. That leaves the court free to apply, or not to apply, equitable doctrine to this case. To refuse to apply such doctrine would mean that this plaintiff would be in a position to profit to an extent of over $2,500,000 by this transaction. The conscience of the chancellor cannot allow such a result. I must be told by a higher court that equity is impotent in this case before I shall admit it. The Legislature cannot define for me the limits of equity power. The motion is denied.