THE EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant, *v.* VIRGINIA M. VAN BOKKELEN, Respondent, Impleaded with Another.

(Argued October 2, 1935; decided November 19, 1935.)

*William J. Griffin* for appellant. All the proceedings were had in pursuance of the rules and practice of the court in effect at the time the order confirming the sale was entered. (*Bondy* v. *Aronson*, 237 N. Y. Supp. 444; *Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94.) Reargument should not be granted after the time to appeal has expired. (*Matter of Silliman*, 38 Misc. Rep. 226; *Klipstein & Co.* v. *Marchmedt*, 39 Misc. Rep. 794.) Reargument is granted only where there has been an oversight, misapprehension or mistake in the former ruling. (*Matter of Crane*, 81 Hun, 96.)

*John P. Walsh* for respondent. In view of the inadequacy of the price for which appellant bid in the prop-

erty, and, in view of the condition reserved in the judgment, the Special Term, as a court of equity, had the inherent power, independently of section 1083-a of the Civil Practice Act, to refuse to allow the entry of a deficiency judgment. (*McCarthy* v. *Graham*, 8 Paige, 480; *Bank of Rochester* v. *Emerson*, 10 Paige, 115; *Dunkley* v. *Van Buren*, 3 Johns. Ch. 330; *Equitable Life Ins. Society* v. *Stevens*, 63 N. Y. 341; *Rutherfurd Realty Co.* v. *Cook*, 198 N. Y. 29; *Withers* v. *Morrell*, 3 Edw. Ch. 560; *N. A. Fire Ins. Co.* v. *Handy*, 2 Sandf. Ch. 542; *Scofield* v. *Doscher*, 72 N. Y. 491; 2 R. S. p. 191, § 153; *Darmstadt* v. *Mason*, 144 App. Div. 249; *Monaghan* v. *May*, 242 App. Div. 64; *Fagan* v. *Robbins*, 96 Fla. 91; *Jacobowitz* v. *Herson*, 243 App. Div. 274; *Ladd* v. *Stevenson*, 112 N. Y. 325; *Hatch* v. *Central Nat. Bank*, 78 N. Y. 487; *M'Donald* v. *Neilson*, 2 Cow. 139; *Wakeman* v. *Price*, 3 N. Y. 334; *Buffalo Sav. Bank* v. *Newton*, 23 N. Y. 160; *Hale* v. *Clauson*, 60 N. Y. 339; *Misiaszek* v. *Roberts*, 211 App. Div. 417; *Ballentyne* v. *Smith*, 205 U. S. 285; *Crane* v. *Stiger*, 58 N. Y. 625.) The Special Term properly exercised its power. (*Bouregeois* v. *Risley Real Estate Co.*, 82 N. J. Eq. 211.) The granting of a reargument was within the discretion of the court, even had defendant's time to appeal from the order of confirmation expired. It was especially proper in view of the fact that the time to appeal was still open due to the defective notice of entry. (*Holmes* v. *Rogers*, 50 Hun, 600; *Matter of Crane*, 81 Hun, 96; *Sheran* v. *Felt*, 2 N. Y. 186; *Doyle* v. *Hamilton Fish Corp.*, 207 N. Y. 751; *Crane* v. *Stiger*, 58 N. Y. 625; *Young* v. *Weber*, 117 N. J. Eq. 392; *Yorks* v. *Peck*, 17 How. Pr. 192; *Matter of N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 112; *Kelly* v. *Sheehan*, 76 N. Y. 325; *Valton & Adams* v. *Nat. Loan Co.*, 19 How. Pr. 515; *Livingston* v. *N. Y. El. R. R. Co.*, 60 Hun, 473; *Gabay* v. *Doane*, 38 Misc. Rep. 661; *Weeks* v. *Coe*, 36 App. Div. 339.)

LOUGHRAN, J. This action was brought for the foreclosure of a mortgage given by defendant, Virginia M.

Van Bokkelen, to secure her debt to the plaintiff bank. Judgment of foreclosure and sale was regularly entered April 26, 1933, on default of all the defendants. Payment of a probable residue of the debt was thereby awarded in this form: " That the plaintiff, The Emigrant Industrial Savings Bank, upon confirmation of the referee's report of sale, have judgment against the defendant, Virginia M. Van Bokkelen, for the amount of any deficiency remaining after the sale of the mortgaged premises and the application of the proceeds as hereinabove directed." This provision was not touched by the limitation attached to deficiency judgments in foreclosure by section 1083-a of the Civil Practice Act. (*Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94.)

It was determined by the judgment that principal and interest were due in the sum of $8,018.11. The referee's report of sale showed a deficiency of $8,537.38 on a purchase by the plaintiff bank for $1,000.

Though the defendant, Virginia M. Van Bokkelen, had theretofore defaulted, she then appeared in the action as was her right. (*Martine* v. *Lowenstein*, 68 N. Y. 456.) Thereafter she was heard on the motion for confirmation of the report of sale, when, by affidavits designed to establish that the fair and reasonable value of the mortgaged premises was in excess of the amount shown to be due, she besought the Special Term to confirm the report only upon the condition that she be credited with the sum of the deficiency thereby stated. This plea the court found itself powerless to entertain. Its opinion was that, " It is the legislative, not the judicial function to determine whether there exists an emergency justifying an award of the relief here sought by the defendant." An order unconditionally confirming the report of sale was entered August 3, 1933, and judgment accordingly was docketed against the defendant, Virginia M. Van Bokkelen, for the reported deficiency.

On July 3, 1934, the Appellate Division decided *Monaghan* v. *May* (242 App. Div. 64, 733). When that case was cited, the Special Term granted an application by the defendant, Virginia M. Van Bokkelen, for reargument of the motion to confirm the report of sale, and, upon the record originally before it, thereupon made an order in substance as follows: " That the fair and reasonable value of the mortgaged premises sold herein is found to be and is hereby fixed as in excess of $9,537.38, the amount reported by the referee herein to be due plaintiff; and * * * the price paid by plaintiff for the mortgaged premises on said sale being grossly inadequate, that the defendant, Virginia Van Bokkelen, be and she hereby is credited, upon said referee's report, with said fair and reasonable value of the mortgaged premises to the extent of $8,537.38, the amount of the deficit after sale reported by the said referee, * * * That the deficiency judgment of the plaintiff herein against the defendant, Virginia Van Bokkelen, * * * be and the same hereby is vacated and annulled and a deficiency judgment herein or the entry thereof is refused, denied and forbidden; and * * * that in all other respects the said report of sale of the referee * * * be and the same hereby is confirmed."

We think this order was unauthorized and without effect.

A decree of foreclosure and sale entered in the usual form prior to August 28, 1933 (See Civ. Prac. Act, § 1083-a), was a final determination of the liability for a resulting deficiency of any defendant over whom jurisdiction was obtained when that relief was asked and awarded against him in the action. (Civ. Prac. Act, §§ 1082, 1083; *Feiber Realty Corp.* v. *Abel, supra,* pp. 98, 99.) This judgment of foreclosure and sale was regularly entered April 26, 1933. True it provided, as we have noticed, that the plaintiff bank, " *upon confirmation of the referee's report of sale,* have judgment against

the defendant, Virginia M. Van Bokkelen, for the amount of any deficiency," and so perhaps no deficiency was to be payable or enforceable before the report of sale was confirmed. (*Bank of Rochester* v. *Emerson*, 10 Paige, 115. Cf. *Moore* v. *Shaw*, 15 Hun, 428; appeal dismissed, 77 N. Y. 512.) But from that circumstance it did not follow that the judgment was any the less a final award that payment should be made by the defendant, Virginia M. Van Bokkelen, " of the residue of the debt remaining unsatisfied, after a sale of the mortgaged property, and the application of the proceeds, pursuant to the directions contained therein." (Civ. Prac. Act, § 1083. See *McCarthy* v. *Graham*, 8 Paige, 480; *Morris* v. *Morange*, 38 N. Y. 172; *Wager* v. *Link*, 134 N. Y. 122, 127, 128; *Feiber Realty Corp.* v. *Abel*, *supra*.) This provisional personal liability was validly adjudicated when the judgment of foreclosure and sale was entered against the defendant, Virginia M. Van Bokkelen, on her default. From that judgment she had no right of appeal. (Civ. Prac. Act, § 557, subd. 1.) That judgment has not been vacated. The court had an undoubted discretion within limits to refuse confirmation of the report of sale, or to open the sale made to the plaintiff bank under the judgment, and in either case to order a resale. (*Brown* v. *Frost*, 10 Paige, 243; *Crane* v. *Stiger*, 58 N. Y. 625; *Hale* v. *Clauson*, 60 N. Y. 339; *Fisher* v. *Hersey*, 78 N. Y. 387.) No relief of that sort was allowed.

What ultimately happened at the Special Term was that the defendant, Virginia M. Van Bokkelen, was credited upon the confirmed report of sale with the amount of the deficit therein recorded; the docket of the deficiency judgment against her was expunged; and any recovery against her personally was interdicted. In the court of original jurisdiction the unchallenged final judgment of foreclosure and sale was in effect revised so as to delete the award of payment of a residue of the debt ascertained as that judgment directed; and the order

unconditionally confirming the report of sale in effect was reversed for asserted judicial error. The Special Term was without power to dictate such a procedure. (*Herpe* v. *Herpe*, 225 N. Y. 323, 327. Cf. *Livingston* v. *Mildrum*, 19 N. Y. 440; *S. J. E. Bldg. Corp.* v. *Matt O. M. Construction Co.*, 265 N. Y. 282.)

Much of the argument before us was addressed to the question whether in an action to foreclose a mortgage the final judgment may order a sale without the award of any personal liability, when in conscience that course is compelled by extraordinary hardship that otherwise must inevitably result in times of widespread economic prostration. As to this we express no opinion, since upon the foregoing statement it is plain that no such issue was here presented for determination by the courts below. Perhaps it should be said that we do not approve the decision in *Monaghan* v. *May* (*supra*).

The order of the Appellate Division and that of the Special Term should be reversed and the original order of confirmation reinstated, with costs to the appellant in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Orders reversed, etc.