GRACE KEVILL, Appellant, v. WILLIAM KEVILL, Respondent.— In an action for separation based on cruel and inhuman treatment and failure to support, the plaintiff made a motion for temporary alimony and counsel fee, which was denied. The affidavits submitted were in direct and irreconcilable conflict; and that of the plaintiff was supported by the affidavit of her mother. As the matter stands, she has made a *prima facie* case in that it appears that she had reasonable grounds for bringing the suit; and it cannot be said that there is no reasonable probability that she will succeed in maintaining her action. Order reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, to the extent of allowing temporary alimony from the date of the motion, April 8, 1935, at the rate of ten dollars per week. This alimony will cease and terminate thirty days after the entry of the order herein unless in the meantime the plaintiff shall bring on her action for trial. Counsel fees are also allowed in the amount of $150, payable within ten days after the entry of the order herein. Order entered May 31, 1935, denying plaintiff's motion to be allowed $100 to pay the expenses of prosecuting the appeal from the order of April twenty-second, reversed on the law and the facts, and the motion granted, without costs. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

KINGS COUNTY TRUST COMPANY, Appellant, v. LOUISA S. DERX, Wife of MARTIN DERX, HALES CLOTHES, INC., Defendants, and CHARLES A. GOMER, as Sole Executor, etc., of AUGUSTA GOMER, Deceased, Respondent.— On reargument, order of the Supreme Court, Special Term, entered September 24, 1935, resettling a prior order, entered April 1, 1935, granting the motion of the defendant Gomer, as executor, for the reargument of a motion to confirm the referee's report of sale and to confirm and ratify the docketing of the deficiency judgment; and for a reargument of a cross-motion made by the defendant to set aside the sale of August 8, 1933, and to vacate the docketing of the deficiency judgment; and granting the defendant's motion in so far as the docketing of the deficiency judgment was denied and the judgment vacated to that extent, reversed on the law, without costs, and the motion denied, with leave, if the defendant be so advised, to move to vacate the judgment of foreclosure and sale so as to provide for the entry of a judgment that does not authorize a deficiency judgment in advance of an application therefor based on the report of sale. (*Emigrant Industrial Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110; *Guaranteed Title & Mortgage Co.* v. *Scheffres, No. 1, ante*, p. 294.) Carswell, Davis, Johnston, Adel and Taylor, JJ., concur. [See 246 App. Div. 730; *ante*, p. 725.]