HARRY FRIES, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Action for personal injuries sustained by plaintiff when he was struck by defendant's car at a crosswalk under the elevated structure at the Brooklyn approach to the Brooklyn Bridge. The court reserved decision on defendant's motion to dismiss and granted the motion after the jury disagreed. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ.

GLEN COVE ESTATES, INC., Respondent, v. JAMAICA WATER SUPPLY COMPANY, Appellant.— Action in equity for specific performance of an easement provision contained in a deed. Order striking out paragraphs fourth and fifth in the answer, predicated on the theory that the obligations under the agreement were at an end, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

ALBERT GREENBERG, Appellant, v. STEEPLECHASE AMUSEMENT COMPANY, Respondent.— Judgment dismissing the complaint at the close of the whole case reversed on the law and a new trial granted, with costs to appellant to abide the event. Plaintiff was a patron at defendant's amusement park. While riding a mechanical horse, the horse came in contact with an iron pipe placed on the rail on which the horse traveled and the horse collapsed and plaintiff was injured. The case was tried on the theory that the doctrine of res ipsa loquitur applied. Defendant offered proof that the pipe was inserted through a picket fence by boys who were on the street abutting the raceway. The court dismissed the complaint on the ground that there was no proof of any defect in the construction of the horse. We believe it was for the jury to say on all the evidence whether or not defendant was negligent, and it was error for the court to hold as matter of law that defendant was not negligent. Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ., concur.

GUARANTEED TITLE AND MORTGAGE COMPANY, Appellant, v. CHARLES SCHEFFRES, Defendant; HERMAN MARGULIES and JEAN MARGULIES, Respondents.— The order dated May 7, 1936, granting the respondents' motion to vacate that part of the judgment of foreclosure and sale herein which provided for the entry of a deficiency judgment against the respondents, and the said judgment of foreclosure and sale entered August 9, 1933, as amended and modified by the said order of May 7, 1936, insofar as an appeal is taken from said judgment, are unanimously affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Davis and Taylor, JJ., concur.