HENRY VOGEL, Appellant, v. WILLIAM C. EDWARDS, JR., Individually and as Executor and Trustee under the Last Will and Testament of MARIE R. EDWARDS, Deceased, Respondent.— On a motion to open a deficiency judgment after foreclosure, to determine the value of the property foreclosed, the motion was granted and the matter sent to an official referee to take proof and report with his opinion whether there should be equitable intervention to relieve the mortgagor's estate; and as to whether such deficiency judgment should be reduced or satisfied. Order affirmed, with ten dollars costs and disbursements. While this action was commenced before the enactment on August 28, 1933, of section 1083-a of the Civil Practice Act, the action was not terminated by entry of judgment until August 29, 1933, and the subsequent sale on foreclosure of the property. The deficiency judgment was not entered until March 15, 1934. If the action be regarded as pending when the Moratorium Act took effect (See *Wegman* v. *Childs*, 41 N. Y. 159; *Loporto* v. *Druiss Co., Inc.*, 241 App. Div. 419; affd., 268 N. Y. 699), then the entry of the deficiency judgment was unauthorized. The order in effect vacates the deficiency judgment and gives the parties an opportunity to make proof as to the value of the property and to determine their equitable rights. (*Monaghan* v. *May*, 242 App. Div. 64; *Guaranteed Title & Mortgage Co.* v. *Scheffres, No. 1*, 247 App. Div. 294.) Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.