GUARANTEED TITLE AND MORTGAGE COMPANY, Appellant,
v. CHARLES SCHEFFRES et al., Defendants, and HERMAN
MARGULIES et al., Respondents.

Argued May 19, 1937; decided July 13, 1937.

*Charles A. Kussmaul* and *Arnold O. Charters* for
appellant. The court has no inherent power to impair
a judgment once validly entered. (*Feiber Realty Corp.* v.

*Abel,* 265 N. Y. 94; *Emigrant· Industrial Sav. Bank* v. *Van Bokkelen,* 269 N. Y. 110; *Guaranteed Title & Mortgage Co.* v. *Scheffres,* 247 App. Div. 294; *Ward* v. *Town of Southfield,* 102 N. Y. 287; *Mandeville* v. *Reynolds,* 68 N. Y. 528; *Fuhrmann* v. *Fanroth,* 254 N. Y. 479; *Jordan* v. *Van Epps,* 85 N. Y. 427; *Matter of Moller,* 247 App. Div. 35; *Herpe* v. *Herpe,* 225 N. Y. 323; *Manufacturers Trust Co.* v. *351–359 W. 42nd Street Co.,* 247 App. Div. 523.) The order, amending the judgment of foreclosure and sale by deleting therefrom the provision directing the entry of the deficiency judgment, impairs the vested property rights of the plaintiff. (*Livingston* v. *Livingston,* 173 N. Y. 377; *Walker* v. *Walker,* 155 N. Y. 77; *Germania Sav. Bank* v. *Village of Suspension Bridge,* 159 N. Y. 362; *McCullough* v. *Virginia,* 172 U. S. 102; *Matter of Greene,* 55 App. Div. 475; 166 N. Y. 485; *State of Louisiana* v. *Mayor,* 109 U. S. 285; *Feiber* v. *Abel,* 265 N. Y. 94; *Matter of Greene,* 55 App. Div. 475; 166 N. Y. 485; *Emigrant Industrial Sav. Bank* v. *Van Bokkelen,* 269 N. Y. 110; *Gilman* v. *Tucker,* 128 N. Y. 190.) The respondents were not entitled to any equitable relief. (*Cameron-Hawn Realty Co.* v. *City of Albany,* 207 N. Y. 377; *Harmony* v. *Bingham,* 12 N. Y. 99; *Tompkins* v. *Dudley,* 25 N. Y. 272; *Ward* v. *H. R. Bldg. Co.,* 125 N. Y. 230; *Matter of Moller,* 247 App. Div. 35; *Smith* v. *Nelson,* 62 N. Y. 288; *Ross* v. *Wood,* 70 N. Y. 8; *Mayor* v. *Brady,* 115 N. Y. 599; *Stilwell* v. *Carpenter,* 59 N. Y. 423.)

*Jonathan Schneider* for respondents. The power of the Supreme Court to vacate a judgment of foreclosure and sale or to deny a deficiency judgment is inherent. (*Thompson* v. *Laughlin,* 91 Cal. 313; *Crawford* v. *Thurmond,* 3 Leigh, 85; *Heim* v. *Butin,* 109 Cal. 500; *Maker* v. *Hibernia Ins. Co.,* 67 N. Y. 283; *Pitcher* v. *Hennessey,* 48 N. Y. 415; *Strochak* v. *Glass Paper Making Supplies Co.,* 267 N. Y. Supp. 282; *Young* v. *Weber,* 117 N. J. Eq. 242.)

*Per Curiam.* This is an action to foreclose a mortgage on real property. The mortgagors appeared generally but defaulted in pleading. Judgment of foreclosure and sale was regularly entered August 9, 1933, before section 1083-a of the Civil Practice Act became effective. A deficiency resulted on a sale to the mortgagee and judgment therefor was docketed. Thereafter the mortgagors moved the Special Term to vacate so much of the judgment of foreclosure and sale as directed them to pay a deficiency. The motion was granted and the deficiency judgment previously docketed was canceled upon the ground " that the value of the property exceeded the amount of the judgment." This is an appeal by the mortgagee from an affirmance by the Appellate Division of the order of the Special Term. The orders should be reversed and the motion denied. (*Loma Holding Corp.* v. *Cripple Bush Realty Corp.*, 265 N. Y. 463; *Emigrant Industrial Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110; *Strochak* v. *Glass Paper Making Supplies Co.*, 239 App. Div. 312. See *Kenly* v. *Huntington Building Association, Inc.*, 166 Md. 182.)

The orders should be reversed and the motion denied, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Orders reversed, etc.