HOME OWNERS' LOAN CORPORATION, Plaintiff, *v.* CHARLES C. WOOD and Others, Defendants.

Supreme Court, Special Term, Delaware County, September 9, 1937.

*Arthur E. Conner* [*Paul F. Eaton* of counsel], for the plaintiff.

No appearance by or in behalf of any defendant.

McNAUGHT, J. The judgment of foreclosure includes " all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof." The mortgage at the end of the description of the premises contains certain blanket clauses which are actually no part of a description, and apparently add no right, title or interest which would not be included in the description of the premises which precedes such clauses. Counsel for the plaintiff corporation seek, however, to have the clauses added to the description to be published. We regard the publication of such clauses as wholly unnecessary and as accomplishing no purpose whatever, except to add expense to the cost of publication. We see no objection, however, if such additional expense is desired by the plaintiff, why such clauses should not be added to the description. The judgment may be amended *nunc pro tunc* by adding the following clauses at the end of the description, to wit:

" Together with all fixtures and articles of personal property, now or hereafter attached to or used in connection with the premises:

" Together with all the right, title and interest of the mortgagor of,

in and to strips and gores of land or land under water adjacent to or adjoining said premises and to the land lying in the bed of any street, road, avenue, lane or right-of-way as they now exist or formerly existed included in, in front of, or adjoining the premises.

" Together with the easements, riparian rights and appurtenances and all the estate and rights of the mortgagor in and to the premises."

When the application was made for the granting of a judgment of foreclosure and sale upon the report of the referee to compute the amount due, the court of its own motion inserted a provision in relation to the amount of the deficiency to be specified in the referee's report of sale, providing " that the defendant pay the same or so much thereof as the court may determine to be fair and reasonable, per section 1083-a, Civil Practice Act, to the plaintiff, and that the plaintiff have judgment and execution therefor." Counsel seek the elimination of this clause, and have presented to the court communications with citation of authority from the New York office of the plaintiff.

The application is based upon the contention that the mortgage being foreclosed having been executed subsequent to the 1st day of July, 1932, the provisions of the moratorium statutes, and particularly the provisions of section 1083-a of the Civil Practice Act, do not apply to such foreclosure, and the plaintiff is entitled to enter a deficiency judgment for the difference between the amount realized on the sale and the amount of the judgment with interest and costs to date of sale.

The insertion by the court of the provision relative to deficiency judgments was pursuant to a uniform practice in the Sixth Judicial District. The clause has been adopted in this judicial district to the end that injustice might be prevented in all mortgage foreclosures by the exercise of the inherent power of a Court of Chancery.

The doubtful constitutionality of the provision exempting mortgages executed after July 1, 1932, in so far as the enactments deprive such mortgagors of the equal protection of the laws (U. S. Const. art. 14, § 1), has not been authoritatively determined. We do not deem it our duty in this case to determine it.

We are not unfamiliar with the authorities to which our attention has been called. Under the provisions of section 4 of chapter 794 of the Laws of 1933, amended from year to year by extending the period of the declared emergency (the last extension being by chapter 83 of the Laws of 1937, which took effect March 18, 1937), mortgages dated on or after July 1, 1932, were exempted from the provisions of section 1083-a of the Civil Practice Act.

In the case of *Decker* v. *Dutcher* (156 Misc. 488), decided by this court, we did not determine otherwise, but the issue there involved was pending at the time chapter 564 of the Laws of 1934, and chapter 562 of the Laws of 1934, took effect. One of such acts provided that the provisions of section 1083-a of the Civil Practice Act should apply to all actions then pending. We held that the action being pending, although the mortgage was executed after July 1, 1932, it was subject to the provisions of section 1083-a. The Appellate Division, by a divided court, reversed (247 App. Div. 689). An appeal was taken to the Court of Appeals. We were advised by counsel that while the appeal was pending the matter was adjusted by the satisfaction of the deficiency judgment in such case, and the appeal withdrawn.

The doubtful constitutionality of a statutory provision protecting by the intervention of the court a mortgagor executing a mortgage on the 30th day of June, 1932, and leaving wholly unprotected a mortgagor executing a mortgage on the 1st day of July, 1932, indicated to this court and his associate trial justices in the Sixth Judicial District the necessity of exercising the inherent powers of courts of equity.

Rigidity and strictness, close and technical constructions, do not prevent the power of chancery from being exercised to prevent injustice. " The plastic remedies of the chancery are moulded to the needs of justice." (*Foreman* v. *Foreman*, 251 N. Y. 237, 242.)

Section 1083 of the Civil Practice Act provides that where a person who is liable for the payment of the debt secured by the mortgage is made a defendant and has either appeared or been personally served with a summons, " the final judgment may award payment by him of the residue of the debt remaining unsatisfied, after a sale of the mortgaged property, and the application of the proceeds, pursuant to the directions contained therein." By the specific provisions of the statute, the award of a payment of the residue of the debt is not mandatory, but discretionary. The statute says " *may*," not " *must.*"

The provision used in this judicial district for the determination of the amount of a deficiency judgment refers to section 1083-a, not as applicable to a mortgage executed after July 1, 1932, but as affording the proper method of reaching a just conclusion as to what judgment the plaintiff should receive at the hands of a court of equity in the event there is a deficiency arising upon the sale of the mortgaged premises.

An action of foreclosure is an action in equity. One who seeks affirmative relief in equity is not entitled to succeed if he be asking an inequitable or unconscionable result. The Supreme Court of

the United States referred to the fact that even in the absence of legislation, courts of equity exercise jurisdiction in foreclosure actions to fix the time and terms of sale, and refuse to confirm sales where they are found to be unfair or inadequacy of price was so gross as to shock the conscience of the court. (*Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398, 446.)

We are of the opinion it is much more desirable for the court to reserve for determination, upon the motion to confirm the sale, the amount of deficiency judgment which the plaintiff may justly be entitled to receive, rather than to set aside the sale and direct a resale. The principle is stated in *Monaghan* v. *May* (242 App. Div. 64). We are aware the *Monaghan* case was referred to as not approved in *Emigrant Industrial Savings Bank* v. *Van Bokkelen* (269 N. Y. 110, 116). We, however, prefer to follow the attitude of the Appellate Division in the Second Department in reference to the doctrine of the *Monaghan* case.

We hold that there is vested in equity the right to prevent injustice, and that the exercise of its power does not require the fiat of the Legislature. We hold that equity is not impotent, but that its powers should be exercised, and such powers are not here limited. We hold that this court has the power to determine the manner and the time when the determination as to a liability for deficiency shall be made, and that it necessarily follows that it has the right to determine the methods and procedure by which the liability for deficiency shall be fixed. (*Heiman* v. *Bishop*, 272 N. Y. 83; *Monaghan* v. *May, supra; Kurtz* v. *Ferrante*, 243 App. Div. 739; *Guaranteed Title & Mortgage Co.* v. *Scheffres*, 247 id. 294; *Flyer* v. *Elms Realty Co., Inc.*, 248 id. 772; *Vogel* v. *Edwards*, 249 id. 742; *Dry Dock Savings Institution* v. *Harriman Realty Corp.*, 150 Misc. 860; affd., 244 App. Div. 793.) We hold the granting of a deficiency judgment is not mandatory under section 1083 of the Civil Practice Act.

It is to be borne in mind that the Legislature has again declared by chapter 83 of the Laws of 1937 that a serious public emergency affects and threatens the welfare, comfort and safety of the people, resulting from abnormal disruption in economic and financial processes and the abnormal deflation of property values, and, therefore, in the public interest there was still necessity for legislative intervention by the continuance of the provisions of section 1083-a of the Civil Practice Act.

Such conditions must necessarily still affect the sale of any property in an action of foreclosure, even though the mortgage was executed after July 1, 1932. It is the duty of a court of equity to protect those who come within its jurisdiction. The plaintiff asks

the court, with no information as to the value of the property, market or otherwise, with no information as to whether there will be bidders upon the sale, with no information as to what the plaintiff will bid upon the sale, with no assurance but what the property may be struck off for $200 or $500, when the judgment is for over $6,000, to insert in the judgment of foreclosure and sale a clause that it have a deficiency judgment for the difference between the nominal sum for which the property may be struck off and the amount of the judgment, interests and costs. In view of the abnormal conditions, and in view of the fact that this is an equity action pending in a court of equity, we decline to allow or permit a judgment of this court to contain such an unjust, inequitable and unreasonable provision until such time as we may be directed so to do by the determination of authoritative tribunals.

The application to strike out the provisions in the judgment granted August 24, 1937, in relation to deficiency judgment, is denied.

The court has signed the order providing for the insertion of the clauses referred to in the published description and directing the same be entered *nunc pro tunc*.