EDWIN H. CHASE and IDA CHASE, Appellants, *v.* DOUGLAS M. HARVEY, CECIL HARVEY, LOUIS E. HARVEY, HELEN HARVEY, KENNETH SWARTOUT, MILDRED S. SWARTOUT, DAVID TOWER and ONEONTA DEPARTMENT STORE, INC., Respondents.

Third Department, December 29, 1937.

*O. L. Van Horne* [*Theodore P. Feury* of counsel], for the appellants.

*Adrian A. Pierson,* for the respondents Louis E. Harvey and Helen Harvey.

*Louis E. Walrath,* for the respondent Cecil Harvey.

HILL, P. J. The Special Term has denied the usual application (Civ. Prac. Act, § 1083-a) for a deficiency judgment on the foreclosure of a mortgage dated after July 1, 1932, stating, "we still insist the court has power over all deficiency judgments." The question here presented is not an open one.

It is stated in the opinion in *Monaghan* v. *May* (242 App. Div. 64): "The refusal to allow, without the statutory limitation, the entry of a deficiency judgment may not, therefore, be justified by the statute. It must be sustained, if at all, under the inherent power of a court of equity. The Legislature has declared that an emergency exists, fixed the period thereof, and declared that certain remedies available to mortgagees (*inter alia,* in respect to deficiency judgments) shall be subject to limitations during that period.

These enactments ' provide procedure and relief which are cognate to the historic exercise of equitable jurisdiction.' Equity is not circumscribed by these statutory dates if the emergency in fact had an earlier origin. These enactments do not deprive a court of equity of its inherent power to place limitations upon the remedies available to a mortgagee in consonance with fundamental doctrines of equity."

The opinion in the Court of Appeals in *Emigrant Industrial Savings Bank* v. *Van Bokkelen* (269 N. Y. 110) states concerning the decision in *Monaghan* v. *May* (*supra*): " We think this order was unauthorized and without effect " (p. 114).

To quote further: " Much of the argument before us was addressed to the question whether in an action to foreclose a mortgage the final judgment may order a sale without the award of any personal liability, when in conscience that course is compelled by extraordinary hardship that otherwise must inevitably result in times of widespread economic prostration. As to this we express no opinion, since upon the foregoing statement it is plain that no such issue was here presented for determination by the courts below. Perhaps it should be said that we do not approve the decision in *Monaghan* v. *May* (*supra*) " (p. 116).

The statement made by the judge presiding at the Special Term, " we still insist the court has power over all deficiency judgments," makes it plain that there was no issue of extraordinary hardship presented for determination in the instant case and that the decision appealed from was made solely on the ground that the Supreme Court, under its general equity powers, has control " over all deficiency judgments." Equity is never automatic, but in individual actions for foreclosure, the Court of Appeals has said that it is an open question whether it may not be invoked to relieve the harshness of the enforcement of the legal remedy " when in conscience that course is compelled by extraordinary hardship that otherwise must inevitably result in times of widespread economic prostration." But it gives no support for the general enforcement of emergency statutes which by their terms are not applicable. (*Emigrant Industrial Savings Bank* v. *Van Bokkelen, supra.*) The Court of Appeals has again definitely spoken on the question here presented. (*Guaranteed Title & Mortgage Co.* v. *Scheffres*, 275 N. Y. 30, revg. 249 App. Div. 652.)

I favor a reversal on the law, with costs. The provisions regarding a deficiency judgment should be stricken from the judgment appealed from and the motion for a deficiency judgment, without complying with the emergency sections, granted.

McNAMEE, CRAPSER and BLISS, JJ., concur; RHODES, J., dissents, with an opinion.

RHODES, J. (dissenting). The action herein was commenced on or about May 27, 1937, and was brought to foreclose a mortgage dated April 11, 1934. On plaintiffs' application to the court for a judgment of foreclosure and sale, the court inserted a provision in the judgment to the effect that the referee making the sale specify the amount of any deficiency in his report, and that the defendants pay so much thereof as the court may determine under section 1083-a of the Civil Practice Act and that the plaintiffs have judgment and execution therefor.

The plaintiffs appeal from this provision in the judgment upon the ground that section 1083-a is not applicable to a mortgage executed after July 1, 1932 (See Laws of 1933, chap. 794, § 4; Laws of 1936, chap. 87, § 4), and that the court had no power to impose such a condition.

The justice presiding stated to plaintiffs' attorney relative thereto: " We have been following the practice in this District in all cases, of reserving to the court the question of the allowance of a deficiency judgment." The same justice in another case followed the same procedure. (*Home Owners' Loan Corporation* v. *Wood*, 164 Misc. 215.) His reasons there stated are to the effect that section 1083 of the Civil Practice Act, providing for a deficiency judgment, is permissive and not mandatory; that a court of equity has inherent power to control judgments for deficiency in the absence of legislation; that the provisions of section 1083-a, although not applicable to a mortgage executed after July 1, 1932, nevertheless afford a proper method of reaching a just conclusion as to what deficiency should be adjudged to plaintiff.

The theory of the plaintiffs is that the Court of Appeals has definitely disapproved of such practice in the case of *Emigrant Industrial Savings Bank* v. *Van Bokkelen* (269 N. Y. 110), where the court stated its disapproval of the decision in *Monaghan* v. *May* (242 App. Div. 64). But the decision of the Court of Appeals was only that a decree of foreclosure and sale entered in the usual form prior to the enactment of section 1083-a of the Civil Practice Act was a final determination of the liability for a resulting deficiency, and that the court at Special Term had no authority thereafter to alter the judgment after the taking effect of such section.

In *Monaghan* v. *May* (*supra*) the Appellate Division had discussed the question of the authority of a court of equity to regulate judgments for deficiency; by order it modified a judgment of the

court below denying deficiency judgment after such judgment had been entered and become final. Under the authority of *Emigrant Industrial Savings Bank* v. *Van Bokkelen* (*supra*) the Appellate Division had no authority to modify the final judgment after entry and this seems to be what the Court of Appeals meant when it stated it did not approve the *decision* in *Monaghan* v. *May*. It did not discuss the subject of equitable powers, but expressly held that question open.

Similarly, in *Guaranteed Title & Mortgage Co.* v. *Scheffres* (275 N. Y. 30) a judgment of foreclosure and sale had been regularly entered before section 1083-a became effective. Thereafter the mortgagors moved at Special Term to vacate so much of the judgment of foreclosure and sale as directed them to pay a deficiency. The motion was granted and the deficiency judgment previously docketed was canceled. The Appellate Division affirmed such order (249 App. Div. 652), but on appeal to the Court of Appeals the orders were reversed, the court citing among other cases *Emigrant Industrial Savings Bank* v. *Van Bokkelen* (*supra*). The reversal was evidently on the ground that the final judgment could not be changed after entry.

The question of the power of courts of equity to regulate judgments for deficiency apparently is still open so far as the Court of Appeals is concerned. If that is true, then there is no difficulty in finding authorities holding that in the absence of legislation a court of equity may control the granting or withholding of deficiency judgments. (See *Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398.) The question is quite fully discussed by the Appellate Division in *Monaghan* v. *May* (*supra*) and *Guaranteed Title & Mortgage Co.* v. *Scheffres* (247 App. Div. 294).

Until the Court of Appeals shall hold to the contrary, we are warranted under the authorities in holding that in the absence of legislation, courts of equity may exercise discretion and control as to the practice and procedure relative to deficiency judgments.

The judgment in so far as appealed from should be affirmed, without costs.

Judgment reversed on the law, with costs, and motion for deficiency judgment without complying with section 1083-a of the Civil Practice Act, granted.