FRANK D'AMELIO, Appellant, v. MARY STUPELLI and JOHN STUPELLI, Respondents.— In this action the plaintiff sought judgment against the defendants directing the reconveyance of certain real property described in the complaint, on the ground that the deed executed by the plaintiff to the defendant was in effect a mortgage, and for an accounting of the rents and profits of the real estate during the period the property was held by the defendants. Judgment in favor of the defendants dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Appeal from decision dismissed. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

AGNES E. FISCHER, Appellant, v. FRANCIS R. BEAN and CHESTER C. BEAN, Respondents.— In a suit in equity by the apparent joint owner of a mortgage for reformation of the foreclosure and the deed of the referee to the other joint owner, now deceased, by correcting it to include the name of plaintiff, and for an accounting, there were findings that there was no fraud or mistake and in effect that there was no breach of fiduciary duty. These findings are supported by the evidence. Judgment unanimously affirmed, without costs. No opinion. Appeal from decision in part dismissed. An appeal therefrom does not lie. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ.

GRAMATAN COAL & SUPPLY COMPANY, INC., Respondent, v. EDWARD J. SHEPPARD and Others, Defendants; IRVING TRUST COMPANY, as Substituted Trustee in Bankruptcy of CONTE & ZUCCARO, INC., Appellant; MIDFIELD REALTY CORPORATION, JOHN SULLIVAN and TANAGRAM REALTY COMPANY, Respondents.— Resettled order denying motion of substituted trustee to be substituted as party defendant in a foreclosure action, and permitted to interpose an answer and defend, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

HOME OWNERS LOAN CORPORATION, Appellant, v. DORA CATERSON and HERBERT CATERSON, Respondents.— Order amending judgment to provide that no deficiency judgment shall be entered without application to the court, and referring the matter to an official referee to take proof and report as to fair market value, reversed on the law, without costs, and motion denied, without costs, without prejudice, however, to an application by defendants, if they be so advised, to set aside the sale on the ground of inadequacy. The grounds upon which the defendants moved to amend the judgment were insufficient. (*Guaranteed Title & Mort. Co.* v. *Scheffres*, 275 N. Y. 30.) Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

In the Matter of the Application of JESSE D. BERMAN, as Receiver, for an Order under Section 333-b of the Real Property Law Canceling and Discharging of Record the Mortgage Recorded in Liber 652 of Mortgages at Page 552, in the Office of the County Clerk of Richmond County. JOSEPH NUZZO and LENNORA NUZZO, Appellants; JESSE D. BERMAN, Respondent.— In a proceeding to cancel of record a mortgage under the provisions of section 333-b of the Real Property Law, order canceling mortgage affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.