Joseph Loporto and Another, Respondents, *v.* The Druiss Company, Inc., Appellant, Impleaded with The People of the State of New York, Defendant.

First Department, June 21, 1934.

*Edward J. Mastaglio* of counsel [*Tanner, Sillcocks & Friend,* attorneys], for the appellant.

*Philip Bongiorno,* for the respondents.

O'Malley, J. We are of opinion that the provisions of section 1077-a of the Civil Practice Act, construed in connection with section 1077-e, apply to actions brought *before* the effective date of the statute, even though predicated on defaults *other* than payment of principal or installments of principal, when such other defaults have been cured within thirty days after the act went into effect. It appears that the defendant had either made good these defaults or tendered the amount thereof within the thirty-day period. It was, therefore, entitled to the benefit of the remedial legislation and a dismissal of the action.

The appeal being from an order which granted, rather than denied, a motion for reargument and the court having adhered

to its decision, the order was appealable, so far as the original decision was reaffirmed. Nor has the appeal become academic by reason of the fact that a judgment of foreclosure and sale has been entered and the time to appeal therefrom has expired. If the action was not maintainable under the provisions of the sections in question any judgment entered would be voidable, if not void. The defendant, therefore, upon reversal and the granting of the motion to dismiss, will be entitled to move to vacate the judgment.

The order appealed from should be reversed, with twenty dollars costs, and the motion granted.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.