CITY SAVINGS BANK OF ALBANY, Plaintiff, *v.* DANIEL H. PRIOR
and Others, Defendants.

Supreme Court, Special Term, Albany County, May 8, 1940.

*Farren, Herrick & Thacher* [*Charles J. Herrick* of counsel], for the plaintiff.

Defendant Daniel H. Prior in person.

BERGAN, J. Decision upon this motion turns upon the intent expressed by the word " heretofore " as used by the Legislature in the amendment to section 1077-e of the Civil Practice Act by chapter 611 of the Laws of 1936. I think it relates to actions instituted prior to the beginning of the emergency (August 26, 1933) as well as during the emergency. If this is so, the provisions of section 1077-e, as last amended in relation to the stay of a sale directed by a judgment of foreclosure in any " such action," apply here. The section must be read in connection with the sections creating and defining the time limits of the emergency. Thus considered, " heretofore " would seem to relate to a time antecedent to the creation of the emergency as well as afterwards. The use of the word " heretofore " in the section as it was originally enacted by chapter 793 of the Laws of 1933 was construed as relating to actions instituted prior to the beginning of the emergency. (*Loporto* v. *Druiss Co., Inc.*, 241 App. Div. 419; affd., 268 N. Y. 699.)

This was plainly the intent of the word at the beginning of the emergency. It could then have no other meaning. The word has been continued in the same sentence through subsequent amendments although other words in the sentence have been changed. I think the intent with which it was originally used continues through the subsequent amendments. In this view the words " during the emergency period," separated from the words " or hereafter " by a comma, would seem reasonably to relate to the word " hereafter " rather than to " heretofore." Since the continuance of the emergency in the future is dependent upon legislative policy, there is need for delimitation as to time in connection with " hereafter " that does not exist in relation to " heretofore." Certainly the Legislature in its prior use of " heretofore " had expressed no intent thus to delimit it.

The effect upon the described actions has now been considerably broadened to include, particularly, a stay of sale after judgment is entered. But the classification of the actions with reference to time of institution remains, I think, unchanged. Certainly no contrary intent appears. I can see no contrary intent affecting section 1077-e in the amended section 1077-g.

I think there has been a sufficient tender of plaintiff's proper disbursements and accordingly defendant's motion for a stay of sale is granted. No costs.

Submit order.